UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NATIVIDAD MARTINEZ HERNANDEZ,
        Plaintiff,

v.

WARWICK PROPERTIES INC., MJJ
BUILDERS CORP., HEADER
CONSTRUCTION, INC., DEERFIELD
COMMONS LIMITED PARTNERSHIP,
ACCESS:SUPPORTS FOR LIVING, INC., and
DEERFIELD COMMONS HOUSING
DEVELOPMENT FUND COMPANY, INC.,
        Defendants.
--------------------------------------------------------------x

**ORDER**

20 CV 1573 (VB)



        On September 7, 2022, plaintiff requested a pre-motion conference to discuss two anticipated motions: (i) a motion to compel the production of documents and deposition of Paulo Vidal, principal of Five Star Builders, Inc. ("Five Star"), which is a fourth third-party defendant in this action,[1] and (ii) a motion to impose sanctions and strike the answer of A M Framing, LLC ("A M Framing"), which is a third-party defendant, second third-party defendant, third third-party defendant, and fourth third-party plaintiff in this case. (Doc. #228). Counsel for A M Framing responded to plaintiff's letter on September 13, 2022. (Doc. #230).

        The request for a pre-motion conference is DENIED as unnecessary at this time, for the reasons set forth below.

        Plaintiff may make his anticipated motion to compel. In connection with plaintiff's motion, plaintiff is directed to submit proof of service of the August 5, 2022, subpoena on Mr. Vidal, describe the "attempts to personally contact him" (Doc. #228 at 1), and provide the Court with a proposed order to compel the production and deposition sought here.

        Regarding plaintiff's second motion, at this time, the Court is not persuaded, based on the parties' submissions, that the Court would be inclined to grant a motion for sanctions and to strike A M Framing's answer (Doc. #106).

        Notwithstanding that A M Framing allegedly destroyed relevant documents when A M Framing dissolved regarding its subcontracting relationship with Five Star, A M Framing contends it confirmed the existence of the subcontracting relationship and produced Mr. Olivera and Mr. Belem, the A M Framing employee on site on the relevant date and A M Framing's principal at the relevant time, respectively, to be deposed. A M Framing appears willing to assist plaintiff's efforts to locate Mr. Vidal, whom A M Framing contends is the proper source of

---

[1]     A default judgment as to liability only was entered against Five Star on June 10, 2021. (Doc. #198). To date, Five Star has failed to appear in this action.

information regarding Five Star employees that were present on the date of the accident. Likewise, regarding the disposal of safety equipment records, A M Framing refers to other testimony and photographs in evidence that bear on the presence or absence of safety equipment on site.

Accordingly, at this time, the Court is not persuaded that A M Framing has acted with "willfulness [or] bad faith" such that the "drastic remedy" of striking A M Framing's answer is appropriate. See Pelgrift v. 355 W. 51st Tavern Inc., 2016 WL 817470, at *2 (S.D.N.Y. Feb. 23, 2016). However, should A M Framing engage in additional conduct prejudicial to plaintiff or fail to cooperate in discovery, the Court may reconsider.

The Court reminds counsel that they "are expected to cooperate with each other . . . in all phases of the discovery process and to be courteous in their dealings with each other." S.D.N.Y. Local Civil Rule 26.4(a).

Dated: September 15, 2022
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge