UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NATIVIDAD MARTINEZ HERNANDEZ,
        Plaintiff,

v.

WARWICK PROPERTIES INC.; MJJ
BUILDERS CORP.; HEADER
CONSTRUCTION, INC.; DEERFIELD
COMMONS LIMITED PARTNERSHIP;
ACCESS:SUPPORTS FOR LIVING, INC.;
DEERFIELD COMMONS HOUSING
DEVELOPMENT FUND COMPANY, INC.;
and BUILDERS FIRSTSOURCE, INC.,
        Defendants.
--------------------------------------------------------------x

**ORDER TO COMPEL COMPLIANCE WITH SUBPOENA**

20 CV 1573 (VB)

Upon the motion of plaintiff, dated November 9, 2022 (Doc. #238), the declaration of Julio Cesar Román, Esq., dated November 8, 2022 (Doc. #238-1), the accompanying memorandum of law (Doc. #238-8), and the other exhibits annexed thereto (see Doc. #238-2–238-7), and it appearing the testimony and documents of Paulo Vidal are relevant to the issues of this action, it is HEREBY ORDERED:

1. Paulo Vidal is ordered to provide the documents subpoenaed and appear for a deposition in this case on or before December 9, 2022, pursuant to the subpoena dated July 6, 2022 (Doc. #238-2), a copy of which is attached hereto.

2. Paulo Vidal is directed to confirm his appearance by calling the Law Offices of Lawrence Perry Biondi at (914) 946-5093, by no later than November 28, 2022, to schedule the deposition.

3. Plaintiff's counsel is directed to serve this Order and the attached subpoena on Paulo Vidal, by personal service, on or before November 21, 2022.

4. If Paulo Vidal fails to comply with this Order, he may be subject to contempt of court upon further motion, pursuant to Fed. R. Civ. P. 45(g).

Dated: November 10, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| NATIVIDAD MARTINEZ HERNANDEZ ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 7:20-cv-1573 (VB) |
| WARWICK PROPERTIES INC. et al ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: PAULO VIDAL

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment.

| Place: 81 Main Street, Suite 305, White Plains, NY | Date and Time: |
|---|---|
| | 08/16/2022 10:00 am |

The deposition will be recorded by this method: STENOGRAPHICALLY

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER

The following provisions of Fed. R. Civ. P. 45 are attached — Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/06/2022

CLERK OF COURT

*Signature of Clerk or Deputy Clerk* OR *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* NATIVIDAD MARTINEZ HERNANDEZ, who issues or requests this subpoena, are

Julio Cesar Roman; 81 Main Street, Suite 305, White Plains, NY  914-946-5093; jcroman@lpblawfirm.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

Civil Action No. 7 20-cv-1573 (VB)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☐ I served the subpoena by delivering a copy to the named individual as follows:

on *(date)* ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $     for travel and $     for services, for a total of $    0 00

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIVIDAD MARTINEZ HERNANDEZ,

        Plaintiff,

-against-

WARWICK PROPERTIES, INC, MJJ BUILDERS CORP.,
HEADER CONSTRUCTION, INC.,
DEERFIELD COMMONS LIMITED PARTNERSHIP,
ACCESS:SUPPORTS FOR LIVING, INC., AND
DEERFIELD COMMONS HOUSING DEVELOPMENT
FUND COMPANY, INC.,

        Defendants.

Civil Action No.:

7:20 CV 1573 (VB)

**RIDER TO PAULO VIDAL SUBPOENA**

HEADER CONSTRUCTION, INC.,

        Third-Party Plaintiff,

-against-

A M FRAMING LLC,

        Third-Party Defendant.

WARWICK PROPERTIES, INC. and MJJ BUILDERS CORP.

        Second Third-Party Plaintiff,

against-

A M FRAMING LLC,

        Second Third-Party Defendant

DEERFIELD COMMONS LIMITED PARTNERSHIP,
ACCESS: SUPPORTS FOR LIVING, INC. and
DEERFIELD COMMONS HOUSING DEVELOPMENT
FUND COMPANY, INC

                      Third Third-Party Plaintiff,

-against-

A M FRAMING LLC,

                      Third Third-Party Defendant

AM FRAMING, LLC,

                      Fourth Third-Party Plaintiff,

-against-

FIVE STAR BUILDERS, INC.

                      Fourth Third-Party Defendant.

WARWICK PROPERTIES, INC., MJJ BUILDERS CORP.,
DEERFIELD COMMONS LIMITED PARTNERSHIP,
ACCESS: SUPPORTS FOR LIVING, INC. and
DEERFIELD COMMONS HOUSING DEVELOPMENT
FUND COMPANY, INC.,

                      Fifth Third-Party Plaintiff,

against

UFP NEW YORK LLC and BUILDERS
FIRST SOURCE, INC.,

                      Fifth Third-Party Defendant.

**SIR:**

**PLEASE TAKE NOTICE**, that, pursuant to the subpoena to the attached subpoena plaintiff NATIVIDAD MARTINEZ HERNANDEZ, demands that you, **PAULO VIDAL** produce the following documents at or before the deposition.

1. All contracts and agreements by and between AM Framing and Five Stars in connection with Deerfield Commons;

2. Names and addresses of all Five Star employees performing any work in connection with Deerfield Commons;

3. All records evidencing receipt of all payments from AM Framing in connection with Deerfield Commons;

4. Complete copy of liability insurance policy for work performed at Deerfield Commons;

5. WorkersCompensation insurance policy for Deerfield Commons project;

6. Any insurance policy naming AM Framing as an additional insured for Deerfield Commons project;

7. All payroll records for all employees at Deerfield Commons project;

8. All records evidencing notice to Five Stars of plaintiff's accident on January 15, 2020 which rendered him a paraplegic;

9. All work records in connection with Deerfield Commons project.

10. Complete project file for Deerfield Commons;

11. All accident reports;

12. All witness statements in connection with plaintiff's accident

Dated:   White Plains, New York
July 6, 2022

Yours, etc.,

**LAW OFFICES OF LAWRENCE PERRY BIONDI, P.C.**

Attorneys for Plaintiff

By: s/ Julio Cesar Román

JULIO CESAR ROMÁN, ESQ.
81 Main Street, Suite 305
White Plains, New York 10601
(914) 946-5093
e-mail: jcroman@lpblawfirm.com

TO:   LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for Fifth Thrid-Party Defendant
UFP NEW YORK, LLC
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300

NICOLETTI SPINNER RYAN GULINO PINTER LLP
Attorneys for Third Party Defendants
A M FRAMING LLC
555 Fifth Avenue, 8th Floor
New York, New York 10017
(212) 730-7750

O'Connor Redd Orlando LLP
Attorneys for Defendants/Second Third-Party Plaintiffs
WARWICK PROPERTIES, INC., MJJ BUILDERS CORP
DEERFIELD COMMONS LIMITED PARTNERSHIP
ACESS: SUPPORTS FOR LIVING and
DEERFIELD COMMONS HOUSING DEVELOPMENT
FUND COMPANY, INC.
P.O. BOX 1000
242 King Street
Port Chester, New York 10573
(914) 686-1700

4

BARTLETT LLP
Attorneys for Defendant/Third-Party Plaintiff
HEADER CONSTRUCTION, INC
1001 Franklin Avenue
Garden City, New York 11530
(516) 877-2900

GOLDBERG SEGALLA LLP
Attorneys for Fifth Third-Party Defendant
BUILDERS FIRST SOURCE, INC.
665 Main Street
Buffalo, New York 14203
(716) 566-5400